UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VICENTE LOPEZ,

    Petitioner,

v.

FRED FOULK,

    Respondent.

Case No. 14-cv-01029-SI

**ORDER DENYING HABEAS PETITION**

Re: Dkt. No. 1

### INTRODUCTION

Petitioner, Vicente Lopez, filed this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter is now before this Court for consideration of the merits of the habeas petition. For the reasons discussed below, the petition is **DENIED**.

### BACKGROUND

The California Court of Appeal described the events leading to Lopez' conviction as follows: Vicente Lopez was an active member of the Seaside Norteno gang. *People v. Lopez*, No. H037070, 2012 WL 4461589, at *2 (Cal. Ct. App. Sept. 27, 2012). On October 13, 2006, he shot several times at Silvino Ayala, who was an ex-gang member and who had testified against another gang member. *Id.* Lopez then struggled with Ayala, punching and kicking Ayala until Ayala fell to the ground. *Id.* He continued to kick Ayala while Ayala was on the ground. *Id.* at *3, *4. Ayala sustained two gunshot wounds and a head injury. *Id.* at *4. The bullets came close but missed Ayala's skull and vital organs. *Id.*

Lopez was convicted by a jury of two counts of non-premeditated attempted murder

1  (counts 1 and 2), two counts of assault with a firearm (counts 3 and 4), one count of assault with

2  force likely to cause great bodily injury (count 5), and one count of street terrorism (count 6).

3  *People v. Lopez*, 2012 WL 4461589, at *4-6.

> The court accordingly sentenced Lopez on count 1 to the upper term of nine years, plus 10 years consecutive for the gang enhancement, plus 25 years to life consecutive for the use-of-firearm enhancement, for a total of 44 years to life in prison. The court imposed the same sentence with respect to count 2, concurrent. As to counts 3 and 4, the court imposed as to each the upper term of four years, plus an additional 10 years consecutive for the gang enhancement, plus an additional 10 years consecutive for the firearm enhancement, plus an additional three years consecutive for the great bodily injury enhancement, for a total of 27 years as to each, all stayed under section 654. As to count 5, the court imposed the upper term of four years, plus an additional five years consecutive for the gang enhancement, for a total of nine years, to be served concurrently to counts 1 and 2. As to count 6, the court imposed the upper term of three years, plus an additional three years consecutive for the great bodily injury enhancement, plus an additional 10 years consecutive for the firearm enhancement, for a total of 16 years, to be served [concurrently] to counts 1, 2, and 5. Thus, the total term imposed on all counts with accompanying enhancements was 44 years to life.

*Id.* at *6. Lopez appealed. His conviction was affirmed by the California Court of Appeal, and his petition for review was denied by the California Supreme Court. He then filed this action.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this habeas action for relief under 28 U.S.C. § 2254. 28 U.S.C. § 1331. This action is in the proper venue because the challenged conviction occurred in Monterey County, California, within this judicial district. 28 U.S.C. §§ 84, 2241(d).

## EXHAUSTION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in a federal court. *See* 28 U.S.C. § 2254(b), (c). The parties do not dispute that the state judicial remedies were exhausted for the claims in the petition.

2

**STANDARD OF REVIEW**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended § 2254 to impose new restrictions on federal habeas review. A petition may not be granted with respect to any claim that was adjudicated on the merits in a state court, unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

**DISCUSSION**

In his federal petition for a writ of habeas corpus, Lopez claims that his counsel provided ineffective assistance in failing to object to a violation of his right to equal protection. He states that he was convicted of the lesser offense of attempted murder (non-premeditated) and received a sentence four years longer than he would have received if he had been convicted of the greater offense of attempted murder (premeditated). This sentencing disparity, he contends, violated his

3

right to equal protection. He further contends that his counsel's failure to object to the sentence as violating equal protection principles amounted to ineffective assistance of counsel.

The Sixth Amendment's right to counsel guarantees not only assistance, but effective assistance, of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The benchmark for judging any claim of ineffectiveness is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.* In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, a petitioner must establish two things. First, he must demonstrate that counsel's performance was deficient and fell below an "objective standard of reasonableness" under prevailing professional norms. *Id.* at 687-88. Second, he must establish that he was prejudiced by counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The relevant inquiry under *Strickland* is not what defense counsel could have done, but rather whether his choices were reasonable. *See Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998).

Respondent argues that relief must be denied because there is no clearly established Supreme Court authority delineating the standard to apply to ineffective assistance of counsel claims in the noncapital sentencing context. Docket # 17 at 3. The Ninth Circuit has so held in *Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir. 2006).

> [T]he *Strickland* Court "expressly declined to 'consider the role of counsel in an ordinary sentencing, which . . . may require a different approach to the definition of constitutionally effective assistance.'" *Cooper-Smith [v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2005)] (quoting *Strickland*, 466 U.S. at 686). Moreover, since *Strickland*, the Supreme Court has not delineated a standard which should apply to ineffective assistance of counsel claims in noncapital sentencing cases. *Id.* Therefore, as we said in *Cooper-Smith*, there is no clearly established federal law as determined by the Supreme Court in this context.

*Davis v. Grigas*, 443 F.3d at 1158; *accord Davis v. Belleque*, 465 F. App'x 728, 729 (9th Cir. 2012) (as explained in *Davis v. Grigas*, "we cannot grant habeas relief under 28 U.S.C. § 2254(d)(1) based on a claim of noncapital sentencing [ineffective assistance of counsel] because there is no clearly established United States Supreme Court precedent applicable to that situation.

4

1  The Supreme Court has not established any such precedent since that time"); *Vigil v. McDonald*, 456 F. App'x 649, 651 (9th Cir. 2011) ("We are bound in the circumstances of this case by our decisions in *Davis [v. Grigas]* and *Cooper-Smith* until either we reverse them *en banc* or the Supreme Court clearly holds to the contrary."); *see also id.* at 651 n.1 (although Supreme Court recently suggested in the plea bargain case of *Premo v. Moore*, 562 U.S. 115, 131 S. Ct. 733, 742 (2011), that *Strickland* applies in all contexts, "[w]e question whether *Premo* is sufficient to call into question our decisions in *Davis [v. Grigas]* and *Cooper-Smith*"). *Davis v. Grigas* remains good law in this circuit, although at least one panel indicated that it would reach a different result if earlier cases had not held otherwise. *See Daire v. Lattimore*, 780 F.3d 1215, 1221-22 (9th Cir. 2015) ("Were we writing on a clean slate, we might conclude it was clearly established that the *Strickland* standard applies, but the slate is not clean."). Bound as it is to follow the controlling precedent of *Davis v. Grigas*, *Cooper-Smith*, and *Daire v. Lattimore*, this Court concludes that § 2254(d)(1) bars habeas relief because there is no clearly established law from the U.S. Supreme Court on point.

The majority opinions in both *Davis v. Grigas* and *Davis v. Belleque* were accompanied by concurrences from judges who were of the view that *Strickland* does apply to formal noncapital sentencing proceedings. *See Davis v. Grigas*, 443 F.3d at 1159 (Graber, J., concurring); *Davis v. Belleque*, 465 F. App'x at 729 (Paez, J., concurring); *cf. Daire*, 780 F.3d at 1222-29 (analyzing the ineffective assistance of counsel claim to conclude it was meritless, even if the *Strickland* standard applied). In the interest of completeness of analysis and to facilitate any appellate review, this Court also will assume for purposes of argument that *Strickland* applies and then consider whether petitioner's claim satisfies the *Strickland* standard. Assuming *arguendo* that a criminal defendant has a Sixth Amendment right to the effective assistance of counsel at the sentencing stage of the proceedings, *Strickland* would require him to show both that counsel's performance was deficient and that the deficient performance resulted in prejudice.

The California Court of Appeal rejected Lopez's claim of ineffective assistance of counsel on the basis that Lopez did not have a meritorious equal protection claim, and therefore an objection on such ground would have been futile. Had Lopez been convicted of premeditated

1 attempted murder, the trial court could have imposed different or consecutive sentences, as the 2 state appellate court explained.

> "The equal protection guarantees of the Fourteenth Amendment and the California Constitution are substantially equivalent and analyzed in similar fashion." (*People v. Leng* (1999) 71 Cal.App.4th 1, 11.) First, we ask whether the two classes are similarly situated with respect to the purpose of the law in question, but are treated differently. (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253 (*Cooley*).) If groups are similarly situated but treated differently, the state must then provide a rational justification for the disparity. (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1200–1201.) Thus, "'[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner.' [Citations.]" (*Cooley*, *supra*, 29 Cal.4th at p. 253.) In addition, "[o]ne who seeks to raise a constitutional question must show that his rights are affected injuriously by the law which he attacks and that he is actually aggrieved by its operation." (*People v. Black* (1941) 45 Cal.App.2d 87, 96; *People v. Cortez* (1992) 6 Cal.App.4th 1202, 1212.) Simply put, the record must contain evidence showing that appellant is actually aggrieved by the law he attacks. (*People v. Black*, *supra*, 45 Cal.App.2d at p. 96.)
>
> In sum, Lopez cannot show that had he been convicted of premeditated attempted murder, he would have in fact been sentenced to four years less than he was. The range of sentencing options that would be presented to the trial court in that event precludes such a showing. As it is, the court exercised discretion to impose concurrent sentences that could have been imposed consecutively, and it may well not have done so for a more serious crime. This, in and of itself, precludes a showing that Lopez was aggrieved by "the juncture of the three laws," as he puts it, that resulted in him being sentenced to 44 years to life rather than four years less, assuming this sort of confluence of laws could result in an equal protection violation.
>
> Given this inherent failure of his equal protection argument, Lopez cannot demonstrate that he suffered any prejudice as a result of his counsel's failure to have asserted the claim below. Moreover, because the trial court had a variety of sentencing options before it, including consecutive sentences that would have resulted in a sentence more than twice as long, and did not impose the most punitive one, counsel could well have had good tactical reason not to object to the sentence meted out. Thus, Lopez has failed to establish either element of ineffective assistance of counsel—his counsel's deficient performance or prejudice as a result.

*People v. Lopez*, 2012 WL 4461589, at *13, *14.

The California appellate court determined that the trial judge had a range of sentencing options available under state law and could have done a different sentencing calculation that would have resulted in a longer aggregate sentence, and the California Supreme Court denied further review. "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v.*

6

*Richey*, 546 U.S. 74, 76 (2005); *See also Hicks ex rel. Feiock v. Feiock*, 485 U.S. 624, 629 (1988) ("Although petitioner marshals a number of sources in support of the contention that the state appellate court misapplied state law . . . the California Supreme Court denied review of this case, and we are not free . . . to overturn the state court's conclusions of state law."). Therefore, the California Court of Appeal's determination that state law gave the trial judge an array of sentencing options is binding on this Court on federal habeas review.

Applying the "doubly deferential" judicial review that is appropriate in analyzing ineffective assistance of counsel claims under § 2254, this Court cannot say that the California Court of Appeal's decision was contrary to or an unreasonable application of *Strickland*. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1410-11 (2011). "[T]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Given Lopez's potential exposure to a much longer sentence under California law, the California Court of Appeal reasonably determined that 1) counsel did not engage in deficient performance because there was a good tactical reason not to object to the imposed sentence and 2) no prejudice resulted from counsel's failure to object to the imposed sentence.

The variety of sentencing options available to the trial judge also undermines Lopez's argument that his sentence violated equal protection principles. "The [F]ourteenth [A]mendment's equal protection clause announces a fundamental principle: the State must govern impartially." *McQueary v. Blodgett*, 924 F.2d 829, 834 (9th Cir. 1991) (internal quotation marks omitted). "The equal protection clause also requires that the law be evenhanded *as actually applied*. Under the prevailing rational-basis test, plaintiffs . . . bear the burden of establishing a *prima facie* case of uneven application." *Id.* at 835. Since this case involves neither a fundamental right nor a suspect class, the Court will apply a rational basis standard of review. *See Massachusetts Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976) ("equal protection analysis requires strict scrutiny of a legislative classification only when the classification impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class"). The alleged sentencing incongruity occurred as a result of the interplay of different sentencing provisions and

enhancements, and not because California chose to punish *non-premeditated* attempted murder more severely than *premeditated* attempted murder. As the California Court of Appeal indicated, Lopez cannot show that the sentencing judge would have imposed a lesser sentence if Lopez had been convicted of *premeditated* attempted murder and the other crimes, instead of *non-premeditated* attempted murder and the other crimes. Lopez therefore is not entitled to federal habeas relief due to his failure to show an uneven application of state laws.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

The petition for writ of habeas corpus is DENIED. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 20, 2015

_____
SUSAN ILLSTON
United States District Judge